UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:14-CV-00123-TBR

DEVRON DWAYNE WADLINGTON                                              PETITIONER

v.

AARON SMITH, Warden                                                   RESPONDENT

### MEMORANDUM OPINION AND ORDER FOR EXPANSION OF THE RECORD

This matter is before the Court on Petitioner's petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody (Docket Number 1), motion to stay proceedings and hold them in abeyance (DN 6), and motion to expand the state-court record (DN 7).[1] The Court has referred this matter to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636. DN 15.

### Background Facts and Procedural History

The Kentucky Supreme Court affirmed Petitioner's convictions upon direct appeal, and the Kentucky Court of Appeals affirmed the denial of his motion for post-conviction relief pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42. *Wadlington v. Commonwealth*, 2008 WL 4691945 (Ky.) and 2013 WL 1003490 (Ky.App.).

Thereafter, Petitioner filed a motion for post-conviction relief pursuant to Kentucky Rules of Civil Procedure (CR) 60.02 and RCr 10.26 in the Trigg Circuit Court.[2] At approximately the same time,

---

[1] Respondent's answer to the petition is at DN 16, and Petitioner's reply to answer is at DN 20. Respondent's response in opposition to the motion to stay is at DN 9, and Petitioner's reply is at DN 12. Respondent's response in opposition to the motion to expand the record is at DN 10, and Petitioner's reply is at DN 11.
[2] Petitioner states that the motion raises 11 new claims and disagrees with Respondent's characterization of the claims as "duplicitous" and "improperly filed," i.e., the claims allegedly should have been presented earlier in Petitioner's 11.42 motion. DN 9. According to Petitioner, he could not have presented the claims when he filed his 11.42 motion as they were based on a request for DNA testing that could not have been made sooner because "Governor Steve Beshear just recently signed into law House Bill 41 [which authorizes DNA testing in certain non-capital cases] on March 2013." Petitioner further argues that, when fully considered in state court, his claims will show that he is actually innocent. DN 12, p. 2.

Petitioner filed the present § 2254 petition and motion to stay these proceedings pending resolution of the 60.02 / 10.26 motion in state court (DN 6).

Petitioner's motion to expand the state-court record (DN 7) requests production of a copy of the entire state-court record as it relates to his 60.02 / 10.26 motion, any ruling by the trial court, and any appeal thereof.[3]

## Discussion

The present petition is a so-called "mixed" petition as it contains some claims that the state courts have already fully determined in connection with Petitioner's direct appeal and 11.42 motion and some claims, presented in Petitioner's 60.02 / 10.26 motion, that the state courts have not yet ruled upon.

In *Harris v. Lafler*, 553 F.3d 1028 (6th Cir.2009), the Sixth Circuit summarized the four options a district court may consider when faced with a mixed petition containing both exhausted and unexhausted claims:

> (1) dismiss the mixed petition in its entirety, ...; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, ...; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, ...; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit.

*Id.* at 1031-32 citing *Rhines v. Weber*, 544 U.S. 269, 274-78 (2005).

Option 2 is required "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines* at 278.

The Court is unable to determine whether Option 2 is required or Option 4 is viable in this case because the state-court record supplied by Respondent does not include the materials, and particularly any ruling by the state courts, on Petitioner's 60.02 / 10.26 motion.

---

[3] Petitioner erroneously described his motion for expansion of the post-conviction record as pertaining to "pre-trial and trial proceedings." DN 7.

**Order**

The Court being sufficiently advised, it is hereby ORDERED that:

1. Petitioner's motion to expand the state-court record (DN 7) is GRANTED to the extent it seeks expansion of the post-conviction record related to Petitioner's 60.02 / 10.26 motion, which is presently pending in the state courts.

2. Within 30 days of entry of this Order, Respondent shall supplement the record to include a copy of Petitioner's motion for post-conviction relief pursuant to CR 60.02 and RCr 10.26 filed in the Trigg Circuit Court, any ruling by the Trigg Circuit Court on the motion, any appeal of that decision to the Kentucky Court of Appeals, and any pleadings, briefs, or other documents that may assist the Court in determining whether to grant Petitioner's pending motion to stay (DN 6).

3. Within 30 days, either party may file a supplementary brief on the question of whether Petitioner is entitled to a stay of these § 2254 proceedings.[4]

---

[4] In analyzing the *Rhines* factors, supra, the parties may rely upon or distinguish *Hodge v. Haeberlin*, 579 F.3d 627 (6th Cir.2009), wherein the Sixth Circuit held that a stay of § 2254 proceedings pending outcome of DNA testing and any resultant state-court action was unwarranted where no DNA evidence was used against the petitioner at trial and DNA testing could not exonerate him.